Complier

## IN THE SUPERIOR COURT OF GUAM

TUDOR CONSTRUCTION CO., INC., )
                                   )
           Plaintiff, )
                                     )
           vs. )
                                       )
CORE TECH INTERNATIONAL )
CORPORATION and FIDELITY AND )
DEPOSIT COMPANY OF MARYLAND, )
                                       )
           Defendants. )
                                       )

**CIVIL CASE NO. CV0513-12**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Plaintiff's motion to amend complaint, filed November 7, 2012, and Defendants' motion to amend answers, filed January 23, 2013. Oral arguments were heard on February 6 and March 4, 2013. Thomas M. Tarpley, Jr., Esq. appeared on behalf of Plaintiff and Anita P. Arriola, Esq. represented Defendants. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On May 3, 2012, Plaintiff filed a complaint alleging nonpayment for work completed in two construction projects as a subcontractor to Defendant Core Tech International Corporation (hereinafter "CTI") whereas one of the projects was guaranteed by a payment bond executed with Defendant Fidelity and Deposit Company of Maryland (hereinafter "Fidelity"). Plaintiff alleges CTI owes $103,525.15 plus interest for its work on the first project for the U.S. Navy (hereinafter "Navy project"). (Complaint, 2, May 3, 2012.) Plaintiff alleges CTI owes $232,502.49 plus interest for its work on the second project for the Guam Waterworks Authority (hereinafter "GWA project'). *Id.* at 2-3. The amount owed for work completed on the GWA project is fully insured by Fidelity's payment bond pursuant to 5 GCA § 5304. *Id.*

On June 8, 2012, Defendants filed separate but similar answers that generally deny liability for the Navy project but specifically admit that $232,502.49 plus interest is owed to

Plaintiff pursuant to the subcontract for the GWA project. (CTI Answer, 2, Jun. 8, 2012; Fidelity Answer, 2, Jun. 8, 2012.)

On November 7, 2012, Plaintiff moved to supplement its complaint with an additional claim that Fidelity has refused to pay undisputed debts in violation of a surety's good faith duty to process claims. Plaintiff's proposed supplemental complaint alleges the parties agreed upon undisputed amounts of liability in August 2012, but that Fidelity withheld payment in bad faith and caused further damages related to creditor claims and the emotional distress and hospitalization of Plaintiff's President. (Motion to Add Supplemental Claims, 5-6, Nov. 7, 2012.) Fidelity argues the supplemental claim is based upon inadmissible settlement negotiations and that the emotional distress damages are futile.

On January 23, 2013, CTI and Fidelity moved to amend their answers to allege a set-off defense and a breach of contract counterclaim for the GWA project. Plaintiff argues that paragraphs nine and ten of the counterclaim do not state plausible claims for relief and are therefore futile or alleged in bad faith. The proposed amended answers also deny the prior admission that $232,502.49 plus interest is owed to Plaintiff for the GWA project. Defendants assert the prior admission was made in error, while Plaintiff objects that the correction is made in bad faith and with delay causing prejudice. At a status hearing on April 3, 2013, the parties agreed and the Court ordered to extend discovery until June 2013 and schedule trial for November 2013.

**DISCUSSION**

Under Guam law, leave of court is required to amend a pleading after a responsive pleading is filed or when no responsive pleading is permitted, "and leave shall be freely given when justice so requires." Guam R. Civ. P. 15(a). Furthermore, "the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Guam R. Civ. P. 15(d).

Leave to amend or supplement may be denied in the circumstances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Arashi & Co., Inc. v. Nakashima Enterprises, Inc.*, 2005 Guam 21 ¶ 16 (*quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962)).

**1. Plaintiff's Motion to Amend**

A. Surety Liability

Guam law provides that any person who furnishes labor or material for a government construction contract subject to payment bond "shall have the right to sue on the payment bond" for any unpaid amount. 5 GCA § 5304(d). The payment bond is executed by a surety company to insure against non-payment. *See* 5 GCA § 5304(a) and 22 GCA § 18106. In the common law context, some jurisdictions require commercial sureties to reasonably process bond claims in good faith while others do not. *See Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co.*, 945 So.2d 1216, 1227-1230 (Fla. 2006) (citing jurisdictions that allow and do not allow an action in tort for bad faith against a surety). Whether commercial sureties owe obligees the duty to process bond claims in good faith is an issue of first impression in Guam.

In this case, Fidelity admits that it owes a sum certain to Plaintiff for work performed under payment bond on the GWA project. Plaintiff alleges the parties discussed this liability after the pleadings were filed and moves to supplement its complaint with a novel claim that Fidelity has breached its duty of good faith to process Plaintiff's bond claim. This claim may involve inadmissible settlement negotiations, but it may also be based upon admissions in the pleadings and otherwise discoverable evidence on this issue of first impression. *See* Guam R. Evd. 408. *Cf. R.W. Granger & Sons, Inc. v. J & S Insulation, Inc.*, 754 N.E.2d 668 (Mass. 2001) (settlement practices are at issue for surety's breach of duty to reasonably investigate claims). For these reasons, the alleged settlement negotiations do not render amendment wholly futile, prejudicial or in bad faith, and Plaintiff's motion shall not be denied on this basis.

B. Emotional Distress

Under Guam law, "[t]o recover for...emotional distress, a complainant must show...[that] the tortfeasor acts in a manner that is extreme and outrageous." *Guerrero v. DLB Const. Co.*, 1999 Guam 9 ¶ 17. Extreme and outrageous behavior is defined as: "conduct

exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." *Abuan v. General Electric Co.*, Civ. A. No. 89–00031, 1992 WL 535958, at *5 (D. Guam Feb. 25, 1992) (*quoting* Prosser & Keaton, *Torts*, § 12, pp. 60-64 (5th ed. 1984)).

In this case, Plaintiff alleges Fidelity's bad faith in nonpayment caused Plaintiff's President to suffer emotional distress and medical injury. However, Fidelity's alleged bad faith breach of a contract does not exceed all bounds of decency and Plaintiff cannot show that Fidelity acted in a manner that is extreme and outrageous. *See, e.g., Phillips v. Butterball Farms Co., Inc.*, 531 N.W.2d 144, 148-149 (Mich. 1995) (emotional distress damages not available for bad faith breach of contract); *Martin v. Donald Park Acres at Hasting, Inc.*, 389 N.Y.S.2d 31, 32 (N.Y. App. Div. 1976) (bad faith breach of contract does not justify emotional distress damages). For this reason, the claim for emotional distress damages is futile and Plaintiff's motion to amend shall be denied to that extent.

## 2. Defendants' Motion to Amend

### A. Counterclaim and Set-Off Defense

Under Guam law, a complaint shall contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Guam R. Civ. P. 8(a). The U.S. Supreme Court explains that:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement. …a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citations omitted).

A breach of contract claim is generally established with the allegation of a contract, plaintiff's performance, defendant's breach, and resulting damages. *See Marianas Hospitality Corp. v. Premier Business Solutions, Inc.*, Civ. No. 07-00002, 2009 WL 750247, at *9 (D. Guam Jan. 14, 2009) (*citing Reichert v. General Ins. Co.*, 442 P.2d 377 (1968)).

Here, Defendants move to append a set-off defense and a counterclaim for breach of contract. Plaintiff does not oppose these amendments except for two particular allegations of damages which it asserts are incorrect or unsubstantiated and thereby implausible under GRCP 8. Plaintiff does not object to the plausibility of the breach counterclaim and the other allegations of damages. The accuracy or sufficiency of evidence is not determined by the pleadings and the counterclaim contains sufficient factual matter, accepted as true, to state a plausible claim for relief. Furthermore, the Court does not find circumstances of delay, bad faith, prejudice or futility in amendment and Defendants' motion shall be granted.

### B. Pleading Error

Defendants also move to amend a prior admission and deny that they owe $232,502.49 plus interest to Plaintiff for the GWA project. Defendants allege that the admission was made in error. A denial shall require Plaintiff to prove this element of its complaint and it shall not cause prejudice because the discovery and trial deadlines have been extended. Absent prejudice, an alleged mistake in pleading may be amended to facilitate a proper decision on the merits. *See Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."), *rev'd on other grounds,* 550 U.S. 554 (2007). For this reason, Defendant's motion to amend shall be granted.

### CONCLUSION

Based upon the foregoing, Plaintiff's motion to amend is hereby GRANTED in part. Plaintiff's motion to supplement a claim for emotional distress damages is hereby DENIED. Furthermore, Defendants' motion to amend is hereby GRANTED.

**SO ORDERED this** 15th **day of April, 2013.**

_____

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

APR 1 2013

James R. Borja
Deputy Clerk, Superior Court of Guam